DAVID G. McKINNON, DBA BLUE STARR AUTO PAINT & REPAIR, APPELLANT, *v.* CANTARUTTI-ALTHUIZEN, A JOINT VENTURE, RESPONDENT.

No. 12478

January 29, 1982　　　　　　　　　　　　639 P.2d 563

*Walther, Key, Maupin, Oats, Cox, Lee & Klaich,* Reno, for Appellant.

*Manoukian, Scarpello & Alling,* and *W. F. "Bill" Huss,* Carson City, for Respondent.

<hr>

[3]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in the place of THE HONORABLE CAMERON M. BATJER, who voluntarily disqualified himself in this case. Nev. Const., art. 6, § 19; SCR 10.

## OPINION

By the Court, SPRINGER, J.:

This matter comes before us on the appeal of McKinnon and the cross-appeal of Cantarutti-Althuizen.

Cantarutti commenced the action by suing its tenant McKinnon for unlawful detainer. McKinnon counterclaimed on the basis that Cantarutti had unlawfully changed the locks on the premises. McKinnon claimed that this act constituted "unlawful eviction," and that he was therefore entitled to actual damages and treble damages pursuant to NRS 40.360.

A jury rendered a verdict against Cantarutti on Cantarutti's complaint and in favor of McKinnon on McKinnon's counterclaim. Damages were assessed in the amount of $15,000. The jury also found on a special interrogatory that Cantarutti had committed acts constituting forcible detainer. The trial court entered judgment on the verdict in favor of McKinnon for $15,000 and trebled that amount on the basis of NRS 40.360.

Cantarutti moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. In ruling on these motions the trial court concluded that it had erred in giving its instruction on forcible detainer and the related special interrogatory. The court therefore determined it was error to have entered judgment for treble damages. The court concluded, however, that it would not disturb the general verdict for $15,000. McKinnon was ordered either to accept the $15,000 general verdict or to agree to a new trial.

We affirm the trial court's findings and conclusions. NRS 40.360 requires assessment of treble damages only in cases of forcible entry or forcible or unlawful detainer.[1] These causes of

[1]NRS 40.360 provides in pertinent part:

2. Damages. The jury or the court, if the proceeding be tried without a jury, shall also assess the damages occasioned to the plaintiff by any *forcible entry*, or by any *forcible or unlawful detainer*, and any amount found due the plaintiff by reason of waste of the premises by the defendant during the tenancy, alleged in the complaint and proved on the trial, and find the amount of any rent due, if the alleged unlawful detainer be after default in the payment

action are all possessory in nature. Their objective is to reinstitute possession of property where one has wrongfully been excluded.[2] McKinnon did not allege any of these actions in his counterclaim. He merely sued for damages on the claim that he had unlawfully been denied access to the premises. Moreover, it was conceded that, at the time McKinnon filed the counterclaim, he no longer wished to resume possession of the former leasehold. McKinnon simply wanted damages. The action was therefore not a detainer action.

McKinnon suggests, and we find, no other basis for trebling the damages award. In accordance with our firmly established principle not to extend by implication penalties or forfeitures, we decline McKinnon's request to reinstate the treble damages order. *See* Hoopes v. Meyer, 1 Nev. 433 (1865).

The order for remittitur or, alternatively, a new trial is accordingly affirmed.

GUNDERSON, C. J., and MOWBRAY, J., and McDANIEL, D. J.,[3] and ZENOFF, SR. J.,[4] concur.

---

of rent; and the judgment shall be rendered against the defendant guilty of the forcible entry, or forcible or unlawful detainer, for the rent and for three times the amount of the damages thus assessed. (Emphasis supplied.)

[2] NRS 40.360 provides that the judgment in favor of a plaintiff in a forcible entry or detainer action shall be for restitution of the premises:

1. Judgment. If, upon the trial, the verdict of the jury, or, if the case be tried without a jury, the finding of the court, be in favor of the plaintiff and against the defendant, *judgment shall be entered for the restitution of the premises;* and, if the proceeding be for unlawful detainer after neglect or failure to perform any condition or covenant of the lease or agreement under which the property is held, or after default in the payment of rent, the judgment shall also declare the forfeiture of such lease or agreement. (Emphasis supplied.)

[3] The Governor designated Honorable Joseph O. McDaniel, District Judge of the Fourth Judicial District, to sit in this case in place of THE HONORABLE NOEL MANOUKIAN who voluntarily recused himself. Nev. Const., art. 6, § 4.

[4] The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HONORABLE CAMERON BATJER. Nev. Const., art. 6, § 19; SCR 10.